UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MELISSA GALBREATH,<br><br>                    Plaintiff,<br><br>          v.<br><br>CAROLYN W. COLVIN, Commissioner of Social Security,<br><br>                    Defendant. | Case No. C13-1134-TSZ-BAT<br><br>**REPORT AND RECOMMENDATION** |

*Pro se* plaintiff Melissa Galbreath seeks review of the denial of her application for Supplemental Security Income. Her complaint contains her only substantive argument: her diagnoses of "PTSD, Amnesia, dis[s]oci[a]tive disorder, . . . Bi-polar. . . . [and] Endometriosis" render her mentally and physically unable to work. Dkt. 4, at 2–3. Ms. Galbreath declined to file any briefing and does not specify how the ALJ harmfully erred aside from rejecting her claim of disability. As discussed below, the Court recommends the Commissioner's decision should be **AFFIRMED** and the case be **DISMISSED** with prejudice.

## BACKGROUND

Ms. Galbreath, proceeding *in forma pauperis*, filed her *pro se* complaint on July 9, 2013. Dkt. 4. The Court issued an Order Directing Service on the same date. Dkt. 7. Because neither

REPORT AND RECOMMENDATION - 1

party filed substantive briefing by the scheduled deadlines, the Court directed the Commissioner to file a responsive brief by January 15, 2014, and Ms. Galbreath to file an optional reply brief by January 29, 2014. Dkt. 18. The Commissioner filed a responsive brief, Dkt. 19, but Ms. Galbreath declined to file a reply.

Ms. Galbreath is currently 24 years old, completed 10th or 11th grade,[1] and has never worked. Tr. 41, 131, 143–44. On February 20, 2010, she applied for benefits, alleging disability as of her birth in the fall of 1989. Tr. 69, 131–37. Her application was denied initially and on reconsideration. Tr. 71–74, 79–80. At the hearing conducted by the ALJ on September 12, 2011, Ms. Galbreath was represented by counsel. Tr. 36–68. The ALJ found Ms. Galbreath not disabled. Tr. 15–35. As the Appeals Council denied Ms. Galbreath's request for review, the ALJ's decision is the Commissioner's final decision. Tr. 1–6.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[2] the ALJ found:

**Step one:** Ms. Galbreath had not engaged in substantial gainful activity since February 20, 2010.

**Step two:** Ms. Galbreath had the following severe impairments: mood disorder NOS, anxiety disorder NOS, personality disorder with borderline and narcissistic traits, post-traumatic stress disorder ("PTSD") and polysubstance abuse.

**Step three:** These impairments did not meet or equal the requirements of a listed impairment.[3]

**Residual Functional Capacity:** Ms. Galbreath can perform a full range of work at all exertional levels but with the following nonexertional limitations: she can perform routine tasks and follow short, simple instructions. She can do work that needs little or no judgment and could perform simple duties that can be learned on the job in a short

---

[1] In a statement filed with the Washington Department of Social and Health Services, Ms. Galbreath said that 10th grade was the highest grade she had completed. Tr. 143. At her disability hearing, she said that she had completed 11th grade. Tr. 41.
[2] 20 C.F.R. §§ 404.1520, 416.920.
[3] 20 C.F.R. Part 404, Subpart P. Appendix 1.

REPORT AND RECOMMENDATION - 2

period of time.  She would have average ability to perform sustained work activities (i.e., can maintain attention and concentration, persistence and pace) in an ordinary work setting on a regular and continuing basis (i.e., 8 hours a day for 5 days a week or an equivalent work schedule) within customary tolerances of employers' rules regarding sick leave and absence.  She can have occasional interactions of a superficial nature with coworkers and supervisors.  She can work in close proximity to coworkers but not in a cooperative or team effort.  She can deal with routine work setting changes.  She cannot deal with the general public as in a sales position or where the general public is frequently encountered as an essential element of the work process; however, incidental contact with the general public is not precluded.

**Step four:**  Ms. Galbreath has no past relevant work.

**Step five:**  As there are jobs that exist in significant numbers in the national economy that Ms. Galbreath can perform, she is not disabled.

Tr. 18–30.[4]

## DISCUSSION

The Court will reverse the denial of a disability claim only if the ALJ's decision was not supported by substantial evidence in the record as a whole or if the ALJ applied the wrong legal standard.  *See Stone v. Heckler*, 761 F.2d 530, 531 (9th Cir. 1985).  The Court may not reverse an ALJ's decision on account of harmless error.  *See Stout v. Comm'r, SSA*, 454 F.3d 1050, 1055–56 (9th Cir. 2006).  "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination."  *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).

The Court finds that the ALJ's decision was supported by substantial evidence and the ALJ applied the correct legal standards.  Moreover, Ms. Galbreath has neither specified a particular error nor demonstrated its harmfulness.

The ALJ found that Ms. Galbreath's alleged endometriosis was not severe because no acceptable medical source offered a firm diagnosis for an impairment related to her abdominal

---

[4] The Court notes that, within the administrative record, the ALJ's decision was Bates stamped with the pages out-of-order.  *Compare* Tr. 24 (page 7 of 13) *with* Tr. 25 (page 10 of 13).  Nonetheless, all 13 pages of ALJ's decision are part of the administrative record.  Tr. 18–30.

REPORT AND RECOMMENDATION - 3

pain and CT and ultrasound examinations showed no related abnormalities.  Tr. 20; *see* Tr. 265, 274, 414, 473.  The ALJ declined to accept examining psychiatrist Dr. Darrow Thom's 2008 diagnosis of bipolar disorder, Tr. 210, because it was given years before the current SSI application, was based on a review of a short period of medical records, relied heavily on subjective complaints, and was contradicted by examining psychiatrist Dr. Aaron Hunt's opinion.  Tr. 21, 25.  Dr. Hunt opined that Ms. Galbreath did not meet the criteria for bipolar disorder.  Tr. 218.  The ALJ found that the RFC accounted for Ms. Galbreath's other mental and physical limitations.  In doing so, the ALJ reasonably interpreted the medical record and discounted Ms. Galbreath's subjective complaints based on her reported daily activities, testimonial inconsistencies, and documented instances of exaggerating symptoms.  Tr. 23–28.

The Court finds that the ALJ did not err legally or factually.  Moreover, Ms. Galbreath's conclusory statement that she is disabled neither specifies what error the ALJ committed nor demonstrates that the perceived error was harmful.

## CONCLUSION

For the foregoing reasons, the Court recommends that the Commissioner's decision should be **AFFIRMED** and recommends the case be **DISMISSED** with prejudice.

A proposed order accompanies this Report and Recommendation.  Objections, if any, to this Report and Recommendation must be filed and served no later than **March 10, 2014.**  If no objections are filed, the matter will be ready for the Court's consideration on **March 14, 2014**.  If objections are filed, any response is due within 14 days after being served with the objections.  A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served.  Objections and responses shall not exceed twelve pages.  The failure to timely object may affect the right to appeal.

1  The Clerk is **DIRECTED** to mail a copy of this Report and Recommendation, the
2  proposed order, and the proposed judgment to plaintiff.
3  DATED this 24th day of February, 2013.

BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 5